## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JACOB MATHIAS RUBINSTEIN,

        Petitioner,

v.                                  CASE NO. 2:24-CV-11746
                                    HON. BRANDY R. MCMILLION

ERIC RARDIN,

        Respondent,

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jacob Mathias Rubinstein ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF NO. 1.  In his *pro se* application, Petitioner claims that the Bureau of Prisons ("BOP") wrongfully denied him credit against his federal sentence for the time that he was subject to home confinement after being granted pre-trial release.  For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE**; and the Court **GRANTS** Petitioner leave to appeal this decision *in forma pauperis*, as an appeal would be taken in good faith.

1

**I.**

In late August 2021, Petitioner was indicted on child pornography charges in the United States District Court for the District of Maryland.  ECF No. 1, PageID.11. On September 2, 2021, he made his initial appearance, was arraigned, and placed on home confinement pursuant to 18 U.S.C. § 3142(c).  *Id*.  On March 22, 2022, Petitioner pleaded guilty to one count of distribution of child pornography; and on August 4, 2022, the Court sentenced him to 84 months in prison.  *Id*. at PageID.12. He self-surrendered to FCI Milan on November 4, 2022 – 427 days after being placed on home confinement.  *Id*.

Petitioner requested the BOP to grant him sentencing credit for the time that he spent in home confinement while on pre-trial release (427 days).  *Id*. at PageID.10.  The BOP has denied his request, citing to the Supreme Court case of *Reno v. Koray*, 515 U.S. 50 (1995).  *Id*.  Petitioner in his habeas application acknowledges the Supreme Court's holding in *Reno* but argues that the case was wrongly decided.  Petitioner asks this Court to overrule *Reno* and order the BOP to credit him for the 427 days he spent in home confinement prior to reporting to FCI Milan.

**II.**

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  *See Perez v.*

2

*Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is also authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition, or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

A federal court is not required to return a habeas petition to state court when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 3d 134, 141 (6th Cir. 1970). Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796 (additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

### III.

The U.S. Attorney General (through the BOP), not a federal court, has the authority to compute sentencing credits for the time that a defendant spends in detention prior to sentencing. *United States v. Wilson,* 503 U.S. 329, 335 (1992); *McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir. 1993). However, a federal

3

district court may grant a prisoner claiming the miscalculation of sentencing credits relief under § 2241. *McClain,* 9 F.3d at 505; *United States v. Dowell,* 16 F. App'x 415, 420 (6th Cir. 2001). A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the way his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

18 U.S.C. § 3585 states in pertinent part:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

In *Reno v. Koray,* 515 U.S. 50 (1995), the U.S. Supreme Court held that the time spent by a federal prisoner at a community treatment center run by the Volunteers of America while "released" on bail pursuant to the Bail Reform Act was not "official detention" within the meaning of § 3585(b). *Id*. at 65. Therefore, the prisoner was not entitled to sentencing credit for the time spent in the community

4

treatment center. *Id*. The Court found that a federal prisoner is entitled to sentencing credit only for time spent under control of the Bureau of Prisons or the Attorney General pursuant to a court detention order. *Id*. at 56. It is inappropriate to give a federal prisoner credit for time served even with restrictions placed upon the prisoner's liberty as a condition of his release on bail. *Id*. The Supreme Court reasoned that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" *Id*. at 57.

Prior to the U.S. Supreme Court's holding in *Koray,* the Sixth Circuit held that a defendant's release on bail subject to restrictive conditions does not rise to the level of "official detention" within the meaning of § 3585(b) to allow sentencing credit. *See U.S. v. Becak*, 954 F.2d 386, 387-88 (6th Cir. 1992) (defendant released pretrial and ordered to reside at his mother's home, maintain employment, and have a curfew did not equate to "official detention" to warrant credit towards his prison sentence). The *Becak* decision was cited with approval by the Supreme Court in *Koray.* 515 U.S. at 57. Other Sixth Circuit cases have rejected similar requests for sentencing credit based upon restrictive bail conditions. *See e.g., U.S. v. Franklin,* 64 F. App'x 965, 968 (6th Cir. 2003) (defendant was not entitled to credit for time he spent in halfway house of charitable, religious organization, even though defendant's liberty was restricted); *Logan v. Hemingway,* 63 F. App'x 236, 237-38

(6th Cir. 2003) (prisoner not entitled to sentencing credit under § 3585(b) for seventy-four days spent in a hospital following his arrest).

Here, Petitioner is seeking credit for the 427 days he spent in home confinement, arguing that his pretrial confinement equates to "official detention" because his actions were limited more than they have been since he has been in custody at FCI Milan.  ECF No. 1 at PageID.12.  However, Petitioner acknowledges the Supreme Court's holding in *Reno* and its applicability to his pretrial home confinement; but he argues that the Supreme Court's decision is erroneous and should be overturned by this Court.  *Id*. at PageID.19-20.

If a precedent of the Supreme Court has direct application in a case, a lower court is bound to follow the case which directly controls, leaving to the Supreme Court the prerogative of overruling its own decisions. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) (internal citations omitted).  "This is true even if the lower court thinks the precedent is in tension with 'some other line of decisions.'" *Id*. Although the Supreme Court has the power to reconsider its precedents, a district court does not. *Alley v. Bell*, 101 F. Supp. 2d 588, 673 (W.D. Tenn. 2000).  The job of lower court judges is to apply existing Supreme Court precedent unless it is expressly overruled by the Supreme Court. *Meriwether v. Hartop*, 992 F.3d 492, 506 (6th Cir. 2021).

This Court is not at liberty to reconsider the Supreme Court's decision in *Reno*. Consequently, the Court finds that BOP properly calculated Petitioner's sentence and he is not entitled to credit against his federal sentence for the time spent in home confinement while on pre-trial release.

**IV.**

As *Reno v. Koray,* 515 U.S. 50 (1995) is still binding Supreme Court precedent, Petitioner's request for credit for time spent in pretrial home confinement is denied. Therefore, the Court will **SUMMARILY DENY** the Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241.

Accordingly, **IT IS ORDERED**:

(1) The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED WITH PREJUDICE**.

(2) A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004). Petitioner need not apply for a certificate with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

(3) Petitioner is **GRANTED** leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**THIS IS A FINAL ORDER THAT CLOSES THE CASE**.

**IT IS SO ORDERED.**

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
Dated: July 15, 2024                    U.S. DISTRICT JUDGE

7